HEATING MAINTENANCE CORPORATION OF NEW YORK, Claimant, *v.* STATE OF NEW YORK, Defendant.

(Claim No. 27304.)

Court of Claims, February 24, 1943.

*Samuel L. Greenberg* for claimant.

*John J. Bennett, Jr., Attorney-General (Moses Kove* of counsel), for defendant.

DYE, J. This is an application to examine the State before trial pursuant to subdivision 2, section 17 of the Court of Claims Act (L. 1939, ch. 860).

There being no opposition to the items mentioned in paragraphs 1, 2, 3, 4 and 5 of the notice of motion, the same and each of them is hereby granted.

The application as to items of the notice of motion contained in the following paragraphs:

" 6. The number of men employed daily by the claimant, and the locations where said men were being employed while claimant was performing its contract;

" 7. The equipment and materials which claimant had daily at the contract site, and the location where said equipment was employed and where said materials were being daily used;

" 8. The day-to-day status of claimant's work including the job conditions under which claimant was required to carry on its work; "

and so much of paragraph 11 as is contained in the following clause:

" 11. * * * and the rights of the State of New York in the event that any part of the work thereunder was unnecessarily delayed by said contractor; "

is as to each of these items hereby denied.

It is claimed that an examination should be ordered as to these items not only as a matter of right, but as a matter of law. (*Callahan Heating Co., Inc.,* v. *State of New York* [Claim No. 24413], unreported, in which an order in identical language was granted, and which was later affirmed in a memorandum opinion, 264 App. Div. 935.) The moving papers in that motion reveal that the claimant had no records and, unless it procured the testimony sought, could not properly prepare for trial.

While knowledge of the facts by the examining party is not a bar to an examination before trial (*Callahan Heating Co., Inc.,* v. *State, supra*), on the other hand, possession of such knowledge, represented by complete records, cannot be overlooked by the court when called upon to determine within the bounds of its sound discretion whether such an order is " so necessary " as to require issuance within the fair meaning and intent of the Court of Claims Act.

By section 8, Court of Claims Act, the State waives immunity " provided the claimant complies with the limitations of this article." Section 288, Civil Practice Act, permits an examination before trial when the testimony is " material and necessary in the prosecution or defense of the action."

On the other hand, when the Legislature came to permit the examination of the State (Court of Claims Act, § 17, subd. 2), it used language clearly modifying the broad generality of section 288, Civil Practice Act, by restricting the conditions under which the State may be examined, such examination being permitted " * * * upon proof that the examination of an officer or employee of the state or of a witness is material and *so necessary* that he cannot properly prepare for trial or present his claim to the court upon the trial and that * * * *the court may, in its discretion,* order the examination * * *." (Italics supplied.)

From the showing made, the court is satisfied that the claimant has failed to meet the burden of proof imposed by subdivision 2, section 17, Court of Claims Act, as to the items above mentioned.

As to those items contained in paragraphs 9, 10, so much of 11 as not hereinabove excluded, and paragraph 12, the application to examine the State is granted.

The court suggests that respective counsel mutually agree on a convenient time and place to hold the examination. If unable to agree, the court will designate the time and place.

Settle order on notice.